```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**ANTHONY D. SPRADLEY,**

                         **Petitioner,**

         **v.**                                  **CASE NO. 17-3201-JWL**

**N.C. ENGLISH, Warden,**

                         **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, proceeds pro se[1].

**Background**

Petitioner, along with several others, was convicted in the U.S. District Court for the Southern District of Indiana of crimes related to their participation in a large drug conspiracy based in Indianapolis, Indiana, and running from approximately 1992 to 1997. *U.S. v. Thompson*, 286 F.3d 950 (7th Cir. 2002), *cert. denied*, 537 U.S. 1134 (2003).

In late 1996, Marcus Willis began working for law enforcement officials and infiltrated the group. In June 1997, Willis was murdered in a vehicle belonging to one of the defendants. Following that, criminal charges were filed against petitioner and several other participants in the conspiracy. Petitioner was charged with conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846 and murder of an informant in violation of 18 U.S.C. § 1512(a)(1)(C). He was acquitted of the murder-related

---

[1] Petitioner's payment of the filing fee is pending.

charge.

At sentencing, the district court sentenced petitioner to life imprisonment on the drug conspiracy count under §2D1.1 of the Sentencing Guidelines and found that the §2D1.1(d)(1) murder cross-reference was applicable to petitioner and certain other defendants. Finally, the court sentenced petitioner to a consecutive term of 20 years for money laundering.

On appeal, the U.S. Court of Appeals for the Seventh Circuit affirmed petitioner's conviction and upheld the application of the drug offense murder cross-reference to him, finding the evidence was sufficient to show it was reasonably foreseeable to him that Willis would be murdered with malice aforethought.

Petitioner also sought relief under 28 U.S.C. § 2255[2], alleging his defense counsel provided ineffective assistance by failing to properly challenge the application of the murder cross-reference to him.

### The habeas petition

In this action, petitioner seeks habeas corpus relief under *Burrage v. United States*, ___ U.S. ___, 134 S.Ct. 881 (2014). In *Burrage*, the U.S. Supreme Court held that a criminal defendant cannot be held liable for the death-results enhancement provision unless the use of the drug supplied was a but-for cause of the death.

### Discussion

As a federal prisoner, petitioner has two distinct remedies for post-conviction relief. First, he may challenge the legality of his conviction or sentence by filing a motion under 28 U.S.C. § 2255 in

---

[2] Doc. #1, par. 10, citing *Spradley v. United States*, No. 1:04-cv-55-LJM-WTL (S.D. Ind. 2005).

the sentencing court. This provision generally provides a federal prisoner with "one adequate and effective opportunity to test the legality of his detention, in his initial §2255 motion." *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011). If that remedy is unsuccessful, the prisoner may file a "second or successive" motion under § 2255 only if the appropriate court of appeals grants prior authorization, which requires a finding that the motion presents either newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the prisoner guilty or that the prisoner relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

In contrast, "[p]etitions under § 2241 are used to attack the execution of a sentence … [and] the fact or duration of a prisoner's confinement…." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997)(quotations and brackets omitted). A petition brought under § 2241 is filed in the district where the petitioner is incarcerated.

The motion remedy under 28 U.S.C. § 2255 "is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)(citation omitted). The single exception to this appears in the savings clause of § 2255(e), which provides: "a federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" *Prost*, 636 F.3d at 580 (quoting 28 U.S.C.

§2255(e)). Petitioner has the burden of showing that the remedy under § 2255 is inadequate or ineffective. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

Section 2255 provides an adequate remedy if it allows the substance or an argument or claim to be presented, regardless of whether circuit case law shows that the claim would be rejected. *Prost v. Anderson*, 636 F.3d, 578, 591 (10th Cir. 2011). "[T]he [savings] clause is concerned with process – ensuring the petitioner an opportunity to bring his argument…. The ultimate result may be right or wrong as a matter of substantive law, but the savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim." *Id*. at 584-85.

Petitioner clearly is challenging the validity of his sentence, as enhanced by the death-results provision. Such a claim ordinarily must be presented to the sentencing court, and petitioner unsuccessfully challenged the sentence enhancement both on appeal and in his post-conviction action. While the *Burrage* decision was entered long after petitioner's direct appeal and post-conviction motion, this alone does not render the remedy under § 2255 inadequate. "A remedy is available under §2241 only if a claim procedurally could not have been raised at all via § 2255, such as when the original sentencing court has been dissolved or is unresponsive." *Boyce v. Berkebile*, 590 Fed.Appx. 825, 826 (10th Cir. 2015). "[T]he fact that [a petitioner] may not have *thought* of a [*Burrage*]-type argument earlier doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an argument." *Prost*, 636 F.3d at 589.

Likewise, although the *Burrage* decision is viewed as a statutory

construction holding that cannot be brought as a successive action under 28 U.S.C. § 2255(h), that does not entitle petitioner to proceed under § 2241. "[T]he fact that § 2255 bars [a petitioner] from bringing his statutory interpretation argument[s]..in a second § 2255 motion [more that] a decade after his conviction, doesn't mean the § 2255 remedial process was ineffective or inadequate to test his argument[s]. It just means he waited too long to raise [them]." *Prost*, 636 F.3d at 580 (emphasis omitted). *See also Brace*, 634 F.3d at 1170 (citing *Prost* holding that "the fact that § 2255 bars [a prisoner] from bringing a statutory interpretation argument in a second § 2255 motion does not render § 2255 an ineffective or inadequate remedy.").

Having considered the record, the Court concludes this matter must be dismissed without prejudice for lack of jurisdiction. Petitioner's arguments do not persuade the Court that the remedy under § 2255 is inadequate or ineffective. In fact, petitioner has challenged the application of the sentence enhancement in the sentencing court, and under Tenth Circuit precedent, he is not entitled to proceed under § 2241.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  This 28th day of November, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. District Judge